UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

**UNITED STATES OF AMERICA,**

v.

**MIGUEL ANGEL ROJAS,**
  Defendant.

**Case No.: 4:23-cr-222-CLM-JHE**

## ORDER

Defendant Miguel Angel Rojas is charged with possession of an unregistered short-barreled shotgun in violation of 26 U.S.C. § 5861(d). (Doc. 1). Rojas moves to dismiss the indictment under the Second and Tenth Amendments to the U.S. Constitution. (Doc. 28). The magistrate judge has entered a report, recommending that the court deny Rojas' motion. (Doc. 98). Rojas timely objects to the report and recommendation. (Doc. 100). For the reasons explained within, the court **OVERRULES** Rojas' objections, **ADOPTS** the magistrate judge's report, and **ACCEPTS** the recommendation that the court deny Rojas' motion to dismiss.

Rojas raises three objections to the magistrate judge's report and recommendation.

**1. Applicability of *United States v. Miller***: Rojas first objects to the magistrate judge's finding that *United States v. Miller*, 307 U.S. 174 (1939), remains binding Supreme Court precedent that forecloses Rojas' facial Second Amendment challenge to the regulation of short-barreled shotguns. The court **OVERRULES** this objection. In *Miller*, the Court held that it could not "say that the Second Amendment guarantees the right to keep and bear" a "shotgun having a barrel of less than eighteen inches in length." *See id.* at 178. In *District of Columbia v. Heller*, 554 U.S. 570, 625 (2008), the Court "read *Miller* to say . . . that the Second Amendment does not protect those weapons not typically possessed by law-abiding citizens for lawful purposes, ***such as short-barreled shotguns***." (emphasis added).

Post-*Heller*, the Eleventh Circuit rejected a Second Amendment challenge to a conviction for possession of an unregistered, sawed-off shotgun, noting that the Supreme Court had "squarely rejected" this argument in *Miller*. *See United States v. Wilson*, 979 F.3d 889, 903 (11th Cir. 2020). And as far as the court can tell, every Circuit Court that has considered the issue, including the Eleventh Circuit, has rejected the argument that the Supreme Court's decision in *New York State Rifle & Pistol Ass'n v. Bruen*, 597 U.S. 1 (2022), overruled *Miller*. *See United States v. Brooks*, 2025 WL 2939404, at *3 (6th Cir. Oct. 16, 2025); *United States v. Rush*, 130 F.4th 633, 637–38 (7th Cir. 2025); *United States v. Robinson*, 2025 WL 870981, at *5 (11th Cir. Marc. 20, 2025); *United States v. Saleem*, 2024 WL 5084523, at *1 (4th Cir. Dec. 12, 2024). While none of these decisions are binding, the court finds that they are persuasive. Thus, the court agrees with the magistrate judge that under *Miller* the National Firearms Act's regulation of short-barreled shotguns does not violate the Second Amendment.

**2. Plain text of Second Amendment:** Rojas next objects to the magistrate judge's finding that short-barreled shotguns are not "arms" within the meaning of the Second Amendment. Under *Bruen*, courts are to apply a two-part test to Second Amendment challenges. The court must first consider whether the Second Amendment's plain text covers the conduct that the Government seeks to regulate. *See Bruen*, 597 U.S. at 24. If it does, "the Constitution presumptively protects that conduct," so the Government "must . . . justify its regulation by demonstrating that it is consistent with the Nation's historical tradition of firearm regulation." *Id.*

Courts have disagreed over whether short-barreled shotguns and rifles are bearable arms protected by the Second Amendment. *Compare Rush*, 130 F.4th at 638–41 (declining "to make a step one finding that short-barreled rifles are 'arms' protected by the Second Amendment's text"); *with Brooks*, 2025 WL 2939404, at *2 (finding that Second Amendment's plain text covers possession of a short-barreled shotgun).

But the court needn't pick sides in this Step One debate because Rojas cannot prevail in Step Two. So the court **OVERRULES** Rojas's Step One objection for two reasons. First, as discussed above, both binding Supreme Court and Eleventh Circuit precedent have held that it doesn't violate the

2

Second Amendment to require individuals to register short-barreled shotguns. *See Robinson*, 2025 WL 870981, at *5. Thus, the court doesn't write on a blank slate, and it needn't engage in the *Bruen/Rahimi* analysis to hold that § 5861(d) doesn't violate the Second Amendment. *See United States v. Dubois*, 139 F.4th 887, 890–94 (11th Cir. 2025) (not engaging in this analysis after finding that prior panel precedent required court to reject Second Amendment challenge to 18 U.S.C. § 922(g)(1)); *Rush*, 130 F.4th at 637–38 (noting that *Miller*'s direct application to regulations on short-barreled rifles was "dispositive" and brought Second Amendment "challenge to a halt"). Second, as the court will explain below, even if the Second Amendment's plain text applies to short-barreled shotguns, the regulation of possession of those shotguns is consistent with "this Nation's historical tradition" of regulating the possession of dangerous and unusual weapons. *See Bruen*, 597 U.S. at 24.

**3. Historical Regulation of Short-Barreled Shotguns:** Rojas objects to the magistrate judge's Step Two finding that § 5861(d)'s regulation of short-barreled shotguns is consistent with historical tradition. This objection has three parts.

a. <u>Facial challenge</u>: Rojas first objects to the magistrate judge's rejection of his facial challenge to § 5861(d), contending that short-barreled shotguns aren't dangerous and unusual weapons. The court agrees with the magistrate judge's analysis. As the Seventh Circuit has explained when discussing short-barreled rifles, "[t]he NFA regulates rifle barrel length because a short-barreled rifle's concealability coupled with its heightened capability to cause damage make the weapon more appealing to those who intend to wield the firearm for unlawful use." *Rush*, 130 F.4th at 643 (quotations omitted). The same is true for short-barreled shotguns. Thus, short-barreled shotguns are both dangerous and unusual weapons. *See United States v. Cox*, 906 F.3d 1170, 1185 (10th Cir. 2018).

To be sure, both *Miller* and *Heller* said that short-barreled shotguns are not in common use for lawful purposes. *Heller*, 554 U.S. at 625 ("We . . . read *Miller* to say . . . that the Second Amendment does not protect those weapons not typically possessed by law-abiding citizens for lawful purposes, **such as short-barreled shotguns**." (emphasis added)). And *Heller*, *Bruen*, and *Rahimi* all confirm that there is a historical tradition of regulating the

3

possession and use of "dangerous and unusual weapons." *See id.* at 627; *Bruen*, 597 U.S. at 47; *United States v. Rahimi*, 602 U.S. 680, 691 (2024). Because short-barreled shotguns are the type of dangerous and unusual weapons that have historically been regulated, the court **OVERRULES** Rojas' objection to the magistrate judge's *Bruen* analysis of his facial challenge to § 5861(d).

b. <u>As-applied challenge</u>: The court also **OVERRULES** Rojas' objection to the magistrate judge's rejection of his as-applied challenge to § 5861(d). As the magistrate judge noted, Rojas' status as a non-felon and lawful permanent resident is irrelevant to the Government's authority to regulate "any person[s]" possession of an unregistered short-barreled shotguns. *See* 26 U.S.C. § 5861(d). Nor does the fact that self-defense was Rojas' motivation for possessing the short-barreled shotgun undermine the magistrate judge's finding that § 5861(d) permissibly regulates short-barreled shotguns as ***dangerous and unusual weapons***. *See Bruen*, 597 U.S. at 47 (noting that relevant inquiry is whether weapon is in "common use"); *United States v. Rozier*, 598 F.3d 768, 771 (11th Cir. 2010) (finding that defendant's possession of handgun for purpose of self-defense was irrelevant to whether it violates Second Amendment to ban felons from possessing firearms).

c. <u>Taxation-related arguments</u>: The court finally **OVERRULES** Rojas' objections to the magistrate judge's analysis of his National Firearms Act taxation-related arguments. The Eleventh Circuit has rejected similar 10th Amendment challenges to § 5861(d). *See United States v. Bolatete*, 977 F.3d 1022, 1031–36 (11th Cir. 2020). And while Rojas "maintains the tax is unconstitutional, and prior precedent upholding the tax must be revisited," (doc. 100, p. 12), this court is bound by that precedent.

4

—

In sum, binding Supreme Court and Eleventh Circuit precedent forecloses Rojas' Second and Tenth Amendment challenges to 26 U.S.C. § 5861(d)'s regulation of the possession of short-barreled shotguns. Thus, the court **OVERRULES** Rojas' objections, **ADOPTS** the magistrate judge's report, and **ACCEPTS** his recommendation. The court **DENIES** Rojas' motion to dismiss the indictment (doc. 28).

**Done** and **Ordered** on January 12, 2026.

_____
**COREY L. MAZE**
UNITED STATES DISTRICT JUDGE